JOURNAL ENTRY AND OPINION
Defendant Charles Gibson appeals from the determination of the trial court that he is a sexual predator. For the reasons set forth below, we affirm.
On November 3, 1986, defendant was indicted pursuant to a four count indictment. Count One charged him with aggravated burglary in connection with the August 23, 1986, break-in at the home of Mary Lou Wall. Count Two charged him with attempted rape of Wall and Count Three charged him with gross sexual imposition upon Wall. Count Four charged defendant with gross sexual imposition in connection with the August 4, 1986, attack upon Deborah Lovice. Defendant subsequently pled guilty to the aggravated burglary charge, the attempted rape of Wall, and gross sexual imposition of Lovice. He was sentenced to concurrent terms of five to twenty-five years on the aggravated burglary charge, three to fifteen years on the attempted rape charge and six months on the gross sexual imposition charge.
The record further reveals that defendant filed a motion for shock probation on May 4, 1988. This motion included a non-confidential sanity report which indicated that defendant had several psychiatric hospitalizations from 1979 through the time of the 1986 offenses and had monthly appointments for psychotropic medication maintenance. It further indicated that defendant was arrested shortly before the 1986 crimes for looking in windows.
On May 12, 1989, the state requested that the court conduct a hearing to determine whether defendant is a sexual predator.
The matter proceeded to hearing on June 28, 1999. The state outlined the offenses and submitted to the court the presentence investigative report which was prepared following the 1986 offenses. This document indicated that at the time of the 1986 offenses, defendant was on probation for breaking and entering and theft. In 1987, defendant was indicted in two separate matters for theft, and theft and possession of criminal tools. It further indicated that defendant admitted his guilt in connection with the 1986 offenses. Defendant presented no evidence at the sexual predator hearing.
The trial court subsequently determined that defendant is a sexual predator. Defendant now appeals and assigns four errors for our review.
Defendant's first assignment of error states:
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Within this assignment of error, defendant asserts that the evidence presented in this matter is insufficient to demonstrate by clear and convincing evidence that he is a sexual predator as defined pursuant to R.C. 2950.01.
A previous conviction for a sexually oriented offense does not ipsofacto provide a basis for a sexual predator adjudication. See State v.Hicks (June 26, 1998), Hamilton App. No. C-970533, unreported; State v.Neblett (Aug. 21, 1998), Hamilton App. No. C-970541, unreported. The definition of sexual predator as set forth in R.C. 2950.01(E) and the factors to be considered by the court in R.C. 2950.09(B)(2), require the court to consider an offender's propensity to engage in sexually oriented behavior in the future. The state is required to establish an offender's future propensity by clear and convincing evidence. R.C. 2950.09(B)(3). Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, 477.
In State v. Cook (1998), 83 Ohio St.3d 404, 425, the Supreme Court stated that "reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge." Accord State v. Ward,supra, wherein this court stated:
 The record shows that a pretrial report had been prepared prior to sentencing, but the court did not consider the contents of that report, or any other evidence on that matter, when making its sexual predator determination.
 In State v. Wilson (Sept. 11, 1998), Hamilton App. No. C-970880, unreported, 1998 WL 597649, the court considered a very similar case in which a trial court found Wilson to be a sexual predator, but limited its review of evidence in the sexual predator determination hearing to consideration of the indictment, the verdict, and judgment entry of conviction. The court of appeals found that the trial court's determination could not be made solely upon the uncontested fact of Wilson's underlying conviction and reversed. Citing information contained in a trial transcript and decision on direct appeal, the court of appeals remanded the cause for further consideration of "all parts of the record then available to the court;" parts of the record that may well substantiate the trial court's decision to find Wilson a sexual predator. State v. Wilson, supra,
unreported, at 4-5; see, also, State v. Glynn (Apr. 1, 1998), Medina App. No. 2712-M, unreported, 1998 WL 150359.
 We therefore sustain the assignment of error and, in conformity with Wilson, remand this matter for further consideration of the record in toto.
In this instance, the pre-sentence report was offered by the state in support of its claim that defendant is a sexual predator. This document, as well as defendant's motion for shock probation, demonstrated that defendant developed an extensive criminal record within the months before defendant was incarcerated, and there were two separate sexually oriented offenses involving two separate victims. This information also indicated that defendant's offenses escalated from breaking and entering to gross sexual imposition to an incident involving both aggravated burglary and attempted rape. This incident also indicates that defendant was on probation at the time of these offenses, that he suffers from chronic schizophrenia. The foregoing was unrefuted and adequately supports the trial court's determination that defendant is a sexual predator. The first assignment of error is without merit.
Defendant's second assignment of error states:
 OHIO'S SEXUAL PREDATOR STATUTE VIOLATES THE CONCEPTS OF SEPARATION OF POWERS BECAUSE IT FORCES A TRIAL COURT TO INVESTIGATE, PROSECUTE AND ADJUDICATE INDIVIDUALS AS SEXUAL PREDATORS.
Within this assignment of error, defendant asserts that R.C. Chapter 2950 is fundamentally flawed since it permits a trial court to rely upon materials present in the court's own file, thereby impermissibly giving the court investigative functions, in determining whether a defendant is a sexual predator.
As set forth in State v. Cook, supra, the Court noted that trial courts considering whether a defendant is a sexual predator "must consider all relevant factors, including, but not limited to, all of the following: the offender's age; prior criminal record; the age of the victim of the sexually oriented offense; whether the sexually oriented offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; any mental illness or mental disability of the offender; the nature of the offender's sexual conduct with the victim and whether that contact was part of a demonstrated pattern of abuse; whether the offender, during commission of the offense, displayed cruelty or threatened cruelty; and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a) through (j)."
Whether these relevant factors are present can be ascertained by new information provided by the state and/or information previously presented to the court through disposition of the underlying offense. No improper investigation by the court is conducted.
This assignment of error is without merit.
Defendant's third assignment of error states:
 THE ADJUDICATION PROVISIONS VIOLATE THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, BECAUSE OHIO'S CLASSIFICATION SCHEME IS SYSTEMATICALLY FLAWED.
Defendant next asserts that the sexual predator classification scheme must be stricken since it does not afford a defendant a proper hearing; the determination is not held after a defendant has served his sentence and therefore fails to consider any decrease in the risk of reoffending which may be present at the time of release; there is no guidance from the legislature as to the manner in which the courts are to apply the statutory criteria; the clear and convincing burden of proof is void for vagueness since it "absurdly asks a court to determine if it is highly probable that a mere probability exists that a future sex offense will occur;" a meaningful defense cannot be mounted because the trial court is permitted to rely upon facts which are "unknown and independently gathered evidence of which the accused is not aware;" the statute does not require a written charge or notice of the evidence to be used. We shall address these contentions in turn.
As to defendant's claim that R.C. Chapter 2950 does not afford a hearing which comports to the requirements of due process, we note that in State v. Ward (1999), 130 Ohio App.3d 551, 559, this court held that "R.C. Chapter 2950 does not violate due process because it affords adequate notice and an opportunity to defend.: We therefore reject this challenge herein.
As to the asserted failure to consider any decrease in the risk of reoffending at the time the offender is released from prison, we note that an offender who has been adjudicated a sexual predator may petition the trial court for an entry indicating that he is no longer a sexual predator. See R.C. 2950.09(D). This claim is therefore without merit.
As to defendant's complaint that there is no guidance as to the manner in which the factors set forth in R.C. 2950.09 are to be applied, this argument ignores the fundamental nature of the statute which directs that all relevant factors are to be considered and directs that the court may not find a defendant to be a sexual predator unless there is clear and convincing evidence that he is likely to engage in the future in one or more sexually oriented offenses. Moreover, in rejecting a void-for-vagueness challenge, the Supreme Court in State v. Williams
(2000), 88 Ohio St.3d 513, determined that the law provides sufficient standards to prevent arbitrary and discriminatory enforcement. Id., at 533. This claim is without merit.
As to defendant's claim that the clear and convincing burden of proof is void for vagueness, we note that in State v. Williams, supra, the Supreme Court concluded that "there is nothing impermissibly vague about the use of the clear and convincing standard in R. C. Chapter 2950." This claim is therefore without merit.
Defendant's remaining claims are that a meaningful defense cannot be mounted because the trial court is permitted to rely upon facts which are unknown and independently gathered evidence of which the accused is not aware, and because the statute does not require a written charge or notice of the evidence to be used. We reiterate that R.C. 2950.09
indicates that the judge must consider all relevant factors to determine whether the defendant is likely to engage in future sexually oriented offenses including the factors specifically listed in R.C. 2950.09(B)(2). We conclude that this framework provides a defendant with sufficient information to prepare and present a defense to the assertion that he is likely to commit a sexually oriented offense in the future. Moreover, defendant has failed to demonstrate how the absence of more specific information has prejudiced his ability to fairly defend himself. This claim is without merit.
Defendant's fourth assignment of error states:
 THE TRIAL COURT ERRED WHEN IT CLASSIFIED DEFENDANT AS A SEXUAL PREDATOR BECAUSE THE LABEL IS UNREASONABLE OR ARBITRARY IN VIOLATION OF SECTION 1 AND 2 OF ARTICLE I OF THE OHIO CONSTITUTION AS HELD BY THE ELEVENTH DISTRICT COURT OF APPEALS IN STATE V. WILLIAMS.
Defendant next urges this court to adopt the reasoning of the Lake County Court of Appeals in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, in which the court held that the sexual predator classification violates the natural rights guaranteed in Section1, Article I, of the Ohio Constitution.
We note that the Lake County decision in State v. Williams was reversed by the Ohio Supreme Court, see State v. Williams (2000), 88 Ohio St.3d 513. The Supreme Court specifically determined that the "natural law" rights yield to governmental intrusion when necessary for the public good. The Court further determined that these natural rights are, in and of themselves, of no legal force since they are regulated by no fixed standard. Id., at 523-528. Accordingly, the opinion of the Lake County Court of Appeals has been reversed and we do not adopt it herein. This assignment of error is without merit.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ROCCO, J., CONCURS.
KARPINSKI, J., CONCURS IN PART AND DISSENTS IN PART (SEE ATTACHED CONCURRING DISSENTING OPINION)